UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

        OHR Trust,

                           Debtor.

Chapter 11

Case No. 22-42144-nhl

-------------------------------------------------------------X

**ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO REAL PROPERTY**

UPON the motion, dated October 12, 2022, of SN Servicing Corporation, as servicer for U.S. Bank Trust National Association as Trustee of the Bungalow Series IV Trust (together with any successor and/or assign, the "Movant"), for entry of an Order, pursuant to sections 362(d)(4) and (d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in the above-captioned case by 11 U.S.C. § 362(a), as to the Movant's interest in real property, known as 207 Bates Drive, Unit H10, Monsey, NY 10952 (Section: 56.10; Block: 4; Lot: 49-0810) (the "Property"), so as to allow the Movant to exercise its rights under applicable law with respect to the Property [ECF No. 15] (the "Motion"); and the Court having issued an Order, dated October 13, 2022, scheduling a hearing to consider the Motion [ECF No. 16] (the "Scheduling Order"); and a hearing on the Motion having been held on November 15, 2022 on the Zoom platform (the "Hearing"), at which appeared Jeremy Sussman for the Office of the United States Trustee and Michael Lawrence Carey for the Movant, but there was no appearance by or on behalf of the Debtor; and it appearing that due and sufficient notice of the Motion and the hearing thereon having been given to all necessary parties in accordance with the Federal Rules of Bankruptcy Procedure and the Scheduling Order, as evidenced by the proof of service filed with this Court [ECF Nos. 17, 18]; and no opposition or other responsive pleading to the Motion having been filed; and after due consideration of the Motion and all evidence submitted in support thereof,

and for all the reasons set forth on the record at the Hearing, the transcript of which is incorporated herein by reference, this Court having determined that the Movant met its burden, pursuant to 11 U.S.C. § 362(d)(B), of proving that the filing of the instant case was part of a scheme to delay, hinder, and defraud creditors that involved multiple bankruptcy filings affecting such Property, and there being good and just cause for the relief requested good and just cause for the relief granted herein; now, therefore, it is hereby

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is hereby lifted and vacated for cause, pursuant to 11 U.S.C. § 362(d)(1), to permit Movant to pursue its rights under applicable law with respect to the Property; and it is further

**ORDERED**, that the Movant shall promptly report to the Trustee any surplus monies realized by the foreclosure sale, or other disposition, of the Property; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 362(d)(4) and <u>provided that</u> this Order is recorded in compliance with applicable New York law governing notices of interests or liens in real property, this Order shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed within two (2) years after the date of the entry of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this Order, based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that any Federal, State, or local governmental unit that accepts notices of interests of liens in real property shall accept any certified copy of this Order granting *in rem* relief as to the Property pursuant to 11 U.S.C. § 362(d)(4), for purposes of indexing and recording the same; and it is further

**ORDERED**, that the 14-day stay invoked pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived, for cause, such that this Order shall be and hereby is effective upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction over this Order to, among other things, interpret and enforce the terms and provisions hereof and determine any controversies, suits, and disputes, if any, that may arise in connection with the relief granted herein.



Dated: November 18, 2022
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge